## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES DINKINS, )<br><br>    Petitioner, )<br><br>v. )<br><br>WARDEN A. BONCHER, )<br><br>    Respondent. ) | Civil Action No. 21-cv-11847-AK |

## MEMORANDUM AND ORDER

**A. KELLEY, D.J.**

      Petitioner James Dinkins ("Dinkins") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The government responded to that petition by arguing that Dinkins has not identified any error in his sentence and has failed to identify any facts that warrant relief under § 2241 pursuant to the "savings clause" of 28 U.S.C. § 2255(e).  [Dkt. 7].  Given the substance of the government's response, the Court construed its papers as a motion to dismiss.  [Dkt. 8].  Dinkins then filed a response in opposition to the government. [Dkt. 10]. For the reasons that follow, the Court **GRANTS** the government's motion.

     **I.**      **Background**

      Dinkins is currently incarcerated at Federal Medical Center, Devens, in Massachusetts, where he is serving a sentence of life imprisonment plus forty years in connection with convictions for murder, witness retaliation, drug trafficking, and firearms offenses.  Dinkins was indicted and convicted by jury in the District of Maryland and sentenced to 480 months imprisonment for one count and life imprisonment for six other counts, resulting in the current

sentence.  In 2012, the convictions were affirmed on appeal.  United States v. Dinkins, 691 F.3d 358 (4th Cir. 2012).

Dinkins filed several habeas petitions prior to submitting the one pending before this Court.  Dinkins filed his first motion to vacate pursuant to 28 U.S.C. § 2255 in the District of Maryland on August 23, 2013.  United States v. Dinkins, No. 06-cr-00309-RDB, Dkt. 437 (D. Md. 2007).  The court denied that motion on the merits on December 16, 2013.  Id. at Dkts. 451, 452.  Dinkins appealed the denial, and the Fourth Circuit dismissed that appeal and denied a certificate of appealability.  United States v. Dinkins, 569 F. App'x 159 (4th Cir. 2014).  Dinkins filed a second motion to vacate under § 2255 in the District of Maryland on March 21, 2014, which was denied without prejudice as a subsequent petition without authorization from the Fourth Circuit on March 31, 2014.  Id. at Dkts. 462, 463.  Dinkins filed a third motion to vacate under § 2255 on April 30, 2014, which was also denied without prejudice as a successive petition without authorization on May 13, 2014.  Id. at Dkts. 468, 469.  Dinkins then filed a motion under 28 U.S.C. § 2244 for an order authorizing the district court to consider a successive application for relief under § 2255 on May 27, 2014, which was denied on June 19, 2014.  Id. at Dkt. 472. On July 13, 2018, Dinkins filed a fourth motion to vacate under § 2255, which was similarly denied as a subsequent petition without authorization.  Id. at Dkts. 546, 556, 557.  Dinkins then filed a motion for compassionate release, id. at Dkt. 576, on June 23, 2020, which was ultimately denied on January 22, 2021, id. at Dkt. 608.

On November 23, 2021, Dinkins filed the pending 28 U.S.C. § 2241 action before this Court, requesting habeas relief based on claims of ineffective assistance of counsel related to evidentiary issues and actual innocence based on DNA information not presented at trial. [Dkt.1].  Dinkins alleges that counsel failed to object to the introduction of certain hearsay or

false statements that were "contradictory to all evidence" and may have prejudiced the jury.  [Id. at 1-3].  Dinkins also claims that "newly discovered evidence" would establish his innocence.  [Id. at 5].  As explained by Dinkins, these claims are closely tied to one another.  According to Dinkins, counsel erred by failing to convince the trial court not to admit a statement made by the victim prior to his death.[1]  The trial court allowed a witness to testify to hearing the victim say that he "shot Dinkins" in "self-defense."  [Id. at 4].  Dinkins now claims that this statement is false because Dinkins "has never been shot."  [Id.].  Dinkins further states that since he has never been shot, his blood would not have been at the crime scene.  He argues that the blood collected from the crime scene—the "newly discovered evidence"—which was testified to during his trial but never tested for DNA, would prove his innocence, if tested.  [Id. at 4-5].  In essence, Dinkins believes that testing the blood would be "material to the identification of the perpetrator who actually … [shot] [the victim]," which would disprove several eyewitnesses' testimony that they saw Dinkins shoot the victim and therefore establish his innocence.  [Id.]

The government opposes the petition, arguing that Dinkins' claims are characteristic of a § 2255 habeas petition, not a § 2241 petition, and therefore must be brought in the District of Maryland and require a certificate of appealability before review.  [Dkt. 7 at 4].  The government also contends that Dinkins has not shown why his claims require application of the savings

---

[1] While Dinkins makes various references to Napue violations in his petition, these references are made in connection with his ineffective assistance of counsel claim.  [Dkt. 1 at 2-3].  The crux of his argument is that both counsel and the prosecution erred by allowing allegedly false statements to be presented at trial.  This issue was litigated during Dinkins' trial, and the judge allowed the introduction of those statements over counsel's objection.  Dinkins, No. 06-cr-00309-RDB, Dkt. 395.  As the prosecution mentioned during that argument, other eyewitnesses testified that Dinkins shot the victim, and Dinkins therefore could not establish those statements as false as required by Napue.  See Napue v. Illinois, 360 U.S. 264 (1959) (requiring a showing that the prosecution must have known the statements were false and failed to object to their introduction or correct them).

clause under § 2255(e).  [Id.]  The government argues that, consequently, the Court lacks

jurisdiction over Dinkins' petition and that it must be dismissed.  [Id.]

## II.    Legal Standard

A petitioner may bring a § 2241 habeas petition to "attack the execution, rather than the

validity" of his sentence.  United States v. Barrett, 178 F.3d 34, 50 n.10 (1st Cir. 1999).  This

type of claim challenges the conditions of confinement, including "the administration of parole,

computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison

transfers, [and] type of detention."  Thornton v. Sabol, 620 F. Supp. 2d 203, 206 (D. Mass. 2009)

(quoting Jiminian v. Nash, 245 F.3d 144, 146 (2d Cir. 2001)).  A § 2241 claim must be brought

in the jurisdiction where the petitioner is being held.  Garcia v. Spaulding, 324 F. Supp. 3d 228,

232 (D. Mass. 2018) (citing Matheny v. Morrison, 307 F.3d 709, 711 (8th Cir. 2002)).

 In contrast, a petitioner may attack the validity of his sentence through a § 2255 habeas

petition if "the sentence was imposed in violation of the Constitution or laws of the United

States," the court was "without jurisdiction to impose such sentence," or the sentence was "in

excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28

U.S.C. § 2255(a).  A § 2255 claim may only be brought in the district where the sentence was

imposed.  Id.  After an initial § 2255 claim is brought and denied, a petitioner is required to

obtain a certificate of appealability to file any additional § 2255 claims in accordance with the

standards set forth by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),

Pub. L. No. 104-132, 110 Stat. 1214.  See Barrett, 178 F.3d at 41.  Without permission, an

uncertified petition must be dismissed or transferred to the proper court of appeals.  Pratt v.

United States, 129 F.3d 54, 57 (1st Cir. 1997).

The savings clause of § 2255(e) provides an exception to the general rule that a petitioner can challenge the validity of their sentence only pursuant to § 2255 by allowing a petitioner to bring a § 2241 petition in the custodial court if the remedies provided by § 2255 prove "inadequate or ineffective."  Barrett, 178 F.3d at 50 (quoting 28 U.S.C. § 2255(e)).  The savings clause is utilized rarely, reserved for cases in which strictly adhering to AEDPA would result in a "complete miscarriage of justice."  Trenkler v. United States, 536 F.3d 85, 99 (1st Cir. 2008) (quoting In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997)).  A "miscarriage of justice" arises only when there are "extraordinary circumstances" at play, such that "a constitutional violation probably has caused the conviction of one innocent of the crime."  McCleskey v. Zant, 499 U.S. 467, 494 (1991).  To demonstrate "extraordinary circumstances," a petitioner must establish "actual innocence," as opposed to legal innocence, meaning that "it is more likely than not that no reasonable juror would have convicted him."  Barrett, 178 F.3d at 48 (quoting Bousley v. United States, 523 U.S. 614, 623 (1998)).  A petitioner does not meet the savings clause threshold simply because an earlier § 2255 was unsuccessful.  See Gonzalez v. United States, 150 F. Supp. 2d 236, 244 (D. Mass. 2001).

### III.    Discussion

Despite Dinkins' contention that this is a properly brought § 2241 petition, his claims of ineffective assistance of counsel and actual innocence attack the validity of his sentence, not its execution, which is characteristic of a § 2255 petition.  Barrett, 178 F.3d at 40-41.  In fact, the arguments Dinkins presents to this Court are very similar to those addressed in three of his four prior § 2255 petitions.  See Dinkins, No. 06-cr-00309-RDB, Dkts. 437, 462, 468.  Specifically, in his first § 2255 petition, filed in the District of Maryland, Dinkins alleged several instances of ineffective assistance of counsel, including failure to request Dinkins undergo a psychological

evaluation; failure to explain the terms of the plea agreement offered; failure to object to "unauthorized persons" who testified before the jury; failure to object to jury instructions; failure to move to disqualify the judge; and failure to object to the establishment of the conspiracy.  Id. at Dkt. 437.  The court denied these claims as meritless.  Id. at Dkt. 451.  In his second and third § 2255 petitions, Dinkins claimed actual innocence by arguing that there was insufficient evidence to show that he had killed anyone to prevent them from speaking with federal officers. Id. at Dkts. 462, 468.  Dinkins invokes both of these claims in the present petition.  [Dkt. 1].  A petitioner cannot merely call a § 2255 petition a § 2241 petition to get around the necessary requirements of AEDPA.  A motion "substantively within the scope of § 2255 . . . is a motion under § 2255, no matter what title the prisoner plasters on the cover."  Trenkler, 536 F.3d at 97 (quoting Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004)) (emphasis in original).  It is within the Court's discretion to "recharacterize[] imaginatively captioned petitions to reflect that they derive their essence from section 2255 and, thus, must satisfy that section's gatekeeping provisions."  Id. at 97.  Dinkins' petition, though styled as a request for relief pursuant to § 2241, is substantively a § 2255 petition.  As such, it must be brought in the jurisdiction in which the sentence was imposed—the District of Maryland—and, moreover, a certification for a successive § 2255 petition is required and is absent here.  This Court does not have the jurisdiction to review Dinkins' petition and it must be dismissed.

The savings clause of § 2255(e) does not salvage Dinkins' petition.  Although the savings clause allows petitioners to file § 2241 petitions challenging the validity of their sentences in the custodial courts, a petitioner must show that the remedies provided by a § 2255 petition would be "inadequate or ineffective" to do so.  Barrett, 178 F.3d at 50 (quoting 28 U.S.C. § 2255(e)).  Dinkins has not done so here.  In fact, Dinkins filed four prior § 2255 petitions, at least one of

which was denied on the merits, indicating that § 2255 provides an adequate remedy for Dinkins'

request. A petitioner cannot claim that the relief a § 2255 would provide is inadequate merely

because the petitioner's earlier § 2255 motion was denied on the merits "or because the

petitioner is procedurally barred from pursuing relief under § 2255." Gonzalez, 150 F. Supp. 2d

at 244 (quoting Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999)). Section 2255 is neither

inadequate nor ineffective here.

This is also not a case in which "extraordinary circumstances" require this Court to

consider the petitioner's claims of "actual innocence." McCleskey, 499 U.S. at 494. The actual

innocence standard requires "newly discovered evidence sufficient to establish by clear and

convincing evidence … that no reasonable factfinder would have returned a guilty verdict."

Barrett, 178 F.3d at 57. Dinkins does not meet this threshold for two reasons. First, even if the

blood was not tested at the time of Dinkins' trial, the blood was collected prior to and testified to

during the trial. It is therefore not "newly discovered evidence." Id. The initial appeal or

Dinkins' first § 2255 petition were early and appropriate opportunities to make claims regarding

this evidence.[2] Second, it is unlikely that this evidence would be exculpatory. The absence of

---

[2] The fact that Dinkins' alleged "new evidence" was previously available to him is another
reason to construe his petition as one brought pursuant to § 2255. See Jiminian, 245 F.3d at 145
(explaining that where "a federal prisoner who has already had a § 2255 motion dismissed on the
merits attempts to use § 2241 to raise claims that could have been raised in a prior § 2255
motion, district courts should construe the petition as a second or successive § 2255 motion");
see also Pratt, 129 F.3d at 62 (noting that where petitioners had "both the incentive and the
ability to raise a particular claim in the first petition for post-conviction relief, but declined to
assert it, [they] cannot raise it the second time around"). Dinkins has provided no sound reason
as to why this issue of new evidence could not have been raised in his first § 2255 petition,
which was dismissed on the merits. See Dinkins, No. 06-cr-00309-RDB, Dkt. 451. When such a
situation arises, the later petition is still subject to the "second or successive rule" governing
§ 2255 petitions. Barrett, 178 F.3d at 47. This lends further support to the Court's conclusion
that Dinkins' petition must be interpreted as a § 2255 petition and that this Court lacks
jurisdiction to consider Dinkins' request.

Dinkins' blood at the scene does not outweigh the testimony of several eyewitnesses to the crimes. Dinkins also does not show that the government suppressed the DNA evidence. See Conley v. United States, 415 F.3d 183, 188 (1st Cir. 2005) (citing Strickler v. Greene, 527 U.S. 263, 281-82 (1999)) (explaining that a petitioner must show that the evidence is exculpatory or impeaching, was suppressed by the Government, and is material). Adhering to AEDPA here would not result in a miscarriage of justice, and the savings clause of § 2255(e) does not require the Court to allow Dinkins' claims to move forward.

Dinkins has made no showing as to why his petition should be construed as a request for relief under § 2241. It is better construed as a habeas petition brought pursuant to § 2255. As such, the Court does not have the jurisdiction to entertain Dinkins' request. And even if the Court did consider Dinkins' petition pursuant to § 2241, he has failed to demonstrate that his petition meets the narrow exceptions provided by the savings clause of § 2255(e). Dinkins has not shown why a request for relief under § 2255 would be "ineffective or inadequate," and he has failed to name any "extraordinary circumstances" allowing the Court to invoke the savings clause to consider his request.

**IV.    Conclusion**

For the foregoing reasons, the government's motion to dismiss [Dkt. 7] is **GRANTED**.

**SO ORDERED.**

Dated: July 29, 2022                                              /s/ Angel Kelley
                                                                  Hon. Angel Kelley
                                                                  United States District Judge